IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cr-00188-WDM-BNB

United States of America,

    Plaintiff,
v.

12.  Jose Munoz,

    Defendant.

## ORDER ON MOTION FOR REVIEW OF DETENTION ORDER

Miller, J.

    This matter is before me on Defendant Jose Munoz's (Munoz)motion to review a detention order pursuant to 18 U.S.C. § 3145(b).  For the reasons that follow, the motion will be denied.

    The issue before me is whether Munoz should be released on conditions or detained pending trial.  This determination is governed by the standard set forth in 18 § 3142(e), which provides for detention only upon a finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  My review is *de novo*, *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003), and I have discretion to determine what procedures are most appropriate, *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990).  In this case, an evidentiary hearing was held on May 29, 2007, and I have reviewed submissions from counsel.

If there is probable cause to believe that Munoz committed a controlled substance crime carrying a maximum term of imprisonment of ten years or more, § 3142(e) creates a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." In this case, the indictment against Munoz suffices to give rise to this presumption, *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991), which essentially shifts the burden of production to the defendant, *United States v. Cook*, 880 F.2d 1158, 1162 (10th Cir. 1989). This burden is not heavy, *id.*, but even when met (i.e., when the presumption is "rebutted"), the presumption remains a factor weighing in favor of detention. *Stricklin*, 932 F.3d at 1355. At all times, however, the burden of persuasion remains with the government to prove flight risk by a preponderance of the evidence and danger to the community by clear and convincing evidence. *Cisneros*, 328 F.3d at 616. In determining whether the government has met these burdens, I am guided by § 3142(g), which sets forth the following factors for consideration:

> (1) the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance . . . ;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>  . . . .
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

2

Applying these standards in this case, I must first determine whether Munoz has presented sufficient evidence to meet his burden of production and rebut the § 3142(e) presumption. At the hearing, Munoz's sister, Adrianna Munoz, and his fiancee, Nelly Bernal (Bernal), testified on his behalf. Their testimony indicated, among other things, that Munoz was born and raised in the Denver area, and that Munoz and Bernal work together to run a cleaning business and to care for Munoz's fourteen year old son. In addition, Munoz's pretrial services report further indicates that he has lived essentially his entire life in the Denver area, and that his parents and four siblings also live in the Denver area. This evidence is sufficient to meet Munoz's burden, and the presumption therefore does not control my determination in this case. However, as discussed above, the presumption remains a factor weighing in favor of detention.

Turning then to the first of the § 3142(g) factors, I first find that the nature and circumstances of the charged offense suggest that Munoz should be detained. Munoz is charged along with 15 co-defendants with conspiracy to distribute, and conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A). In addition, Munoz is charged with using a communication facility to facilitate a drug distribution conspiracy on four separate occasions, and attempt to distribute or attempt to possess with intent to distribute over 20 kilograms of cocaine on two separate occasions. Finally, Munoz is also charged with a forfeiture count and money laundering. These are very serious offenses, clearly involving controlled substances, and the first § 3142(g) factor therefore weighs heavily in favor of detention.

The next factor I must consider is the weight of the evidence against Munoz. The evidence presented by the government at the May 29 hearing indicates that many items associated with the drug trade were found at Munoz's residence, where he lives with his son and Bernal. Specifically a search of this residence uncovered a handgun and ammunition,[1] a bullet-proof vest, a digital scale, and several large bundles of cash hidden throughout the house. Notably, one of these bundles of cash was a tightly wrapped and packaged bundle of $100,000, which was found hidden in the chimney. In addition, a search of a second residence associated with Munoz uncovered more digital scales and two bottles of vitamin B3.[2]

The significance of this evidence, however, was diminished to some extent by Munoz's showing. Bernal testified that she owned the gun, that the ammunition was simply something she and Munoz found a long time ago, the cash was for her cleaning business, and the scale was for weighing mail packages. Although I find some of Bernal's testimony not credible — in my experience, the owner of a cleaning business would not keep $100,000 in business-related cash in a tightly packaged bundle in the chimney — Bernal provides at least somewhat plausible explanations for most[3] of the items found at their residence. In addition, the extent of Munoz's association with the

---

[1] The ammunition, however, did not match the gun.

[2] The government's witness, Officer Mike Prince of the Aurora Police Department, testified that in his experience, vitamin B3 is a white powder that can be used to "cut" cocaine, i.e., it can be mixed with cocaine prior to a sale to create the appearance that the dealer is selling more cocaine than he actually is.

[3] Notably, Munoz never presented any evidence explaining the bullet-proof vest.

second residence is not clear. There is no evidence that Munoz ever lived at the second residence, and the pretrial services report indicates that Munoz co-owns the house with his sister, and they merely rent it out to someone else. On balance, I find that the weight of the evidence against Munoz either weighs in favor of detention, or, at best, is neutral.[4]

The third factor I must consider is Munoz's history and characteristics. Considerations weighing in Munoz's favor include his strong ties to the community, having lived in the Denver area for essentially his entire life and having many family members in the area. However, the pretrial services report indicates that Munoz has a significant criminal history, which includes two drug trafficking offenses and multiple failures to comply with court orders. This history indicates a significant risk that Munoz will not comply with this court's orders, and that he is a flight risk. Therefore, I find that this factor weighs heavily in favor of detention.

Finally, I must consider the nature and seriousness of the danger to any person or the community. The dangers associated with drug trafficking are well established, and in this case are compounded the discovery of a bullet-proof vest and a handgun at Munoz's residence. Therefore, this factor also weighs in favor of detention.

On balance, after considering all of the § 3142(g) factors, as well as the presumption in favor of detention, I find that there is an issue whether the government has demonstrated danger to the community by clear and convincing evidence.

---

[4] Since I find that the other § 3142(g) factors and the presumption all weigh in favor of detention, it is not necessary to decide this factor with more specificity.

However, I find that the government has met its burden of proving by a preponderance of the evidence that "no condition or combination of conditions will reasonably assure the appearance of the person as required." § 3142(e). Therefore, detention is appropriate.

Accordingly, it is ordered:

1. Defendant's motion to revoke the magistrate's order of detention and to set bail, filed May 23, 2007 (Docket No. 139), is denied.

2. Defendant shall be detained pending trial.

3. Defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

4. Defendant shall be afforded reasonable opportunity for private consultation with his counsel.

5. Upon order of a court of the United States or on request of an attorney for the government, the person in charge of the correction facility in which the defendant is confined shall deliver him to the United States Marshal for appearances in connection with court proceedings.

DATED at Denver, Colorado, on June 1, 2007.

                BY THE COURT:

                s/ Walker D. Miller
                United States District Judge